580 S.E.2d 143

**In the Matter of York County Magistrate Deborah D. McCULLOUGH, Respondent.**

**No. 25640.**

Supreme Court of South Carolina.

Submitted April 15, 2003.

Decided April 28, 2003.

Henry B. Richardson, Jr., and Deborah Stroud McKeown, both of Columbia, for the Office of Disciplinary Counsel.

Deborah D. McCullough, of Fort Mill, Pro Se.

PER CURIAM:

In this judicial disciplinary action, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, Rules for Judicial Disciplinary

Enforcement, Rule 502, SCACR. Therein, respondent admits she violated the Code of Judicial Conduct, Rule 501, SCACR, and agrees to the imposition of a confidential admonition, a public reprimand or a definite suspension not to exceed six months. We accept the agreement and suspend respondent for six months.[1]

## *Facts*

The facts, as stated in the Agreement, are as follows. Respondent accepted $1,826 in bond money from a defendant. Instead of depositing the funds into her bond account and transmitting them to Magistrate Edward H. Harvey, the trial judge, respondent maintains she placed them in her briefcase for safekeeping. When respondent went to deposit the funds into her bond account, she could not locate them in her briefcase. However, respondent failed to report the missing funds to South Carolina Court Administration or to the Office of Disciplinary Counsel as required by order of the Chief Justice of this Court dated November 9, 1999.

Some seven months later, York County Chief Magistrate Brenda Ervin contacted respondent and asked that respondent produce her bond account records the following day because the County was conducting an audit of respondent's bond account. The same day, respondent telephoned Judge Harvey and advised him she had located the envelope containing the bond money in her briefcase. Respondent forwarded to Judge Harvey a check in the amount of $1,826. Respondent maintains she located the bond money while gathering her financial records for the audit and while cleaning out her briefcase before an upcoming conference.

A review by the Office of Disciplinary Counsel of the records of respondent's bond account revealed that on more than one occasion checks written from respondent's bond account were returned for insufficient funds. Respondent failed to report the dishonored checks to South Carolina Court Administration and the Office of Disciplinary Counsel.

---

1. Respondent has been disciplined previously for unrelated misconduct. On October 21, 2002, she received a confidential admonition from the Commission on Judicial Conduct for actions which gave the appearance that she was attempting to use her judicial position to convince an attorney to handle a defendant's case and to influence Judge Ervin's handling of the defendant's case.

*Law*

· By her conduct, respondent has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 2(A)(a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 3(a judge shall perform the duties of judicial office impartially and diligently); Canon 3(B)(2)(a judge shall be faithful to the law and maintain professional competence in it); Canon 3(B)(8)(a judge shall dispose of all judicial matters promptly, efficiently and fairly); and Canon 3(C)(1)(a judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business).

## Conclusion

We find that respondent's misconduct warrants a six month suspension. Respondent is therefore suspended for six months.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.